IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY KEIGWIN,                                                          PLAINTIFF

v.                                          Civil No. 5:25-CV-05135-TLB-CDC

JOHN DOE 1-3, Benton County Detention Center,                    DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Timothy Keigwin, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1).  Plaintiff proceeds *pro se*.  (ECF No. 2).  This case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02.  But all parties to the action have not yet consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, the case will automatically be reassigned to United States District Judge Timothy L. Brooks and referred to the undersigned pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3).  This matter is currently before the Court for administrative review on Plaintiff's failure to prosecute his claims.

## BACKGROUND

On June 24, 2025, Plaintiff filed the above-captioned civil complaint pursuant to 42 U.S.C. § 1983 generally alleging that Benton County Detention Center ("BCDC") officials were violating his constitutional rights.  (ECF No. 1).  Plaintiff did not pay the filing fee, and he did not file a motion requesting to proceed *in forma pauperis* ("IFP").  Accordingly, this Court ordered that the Plaintiff either pay the full statutory filing fee of $405 or file a complete IFP application by July 15, 2025, failing which this matter would be subject to dismissal for failure to prosecute and failure to comply with court orders.  (ECF No. 2).  After noting that the original complaint was not filed on a court-approved § 1983 form and that Plaintiff had requested that form,

1

this Court ordered that Plaintiff submit an amended complaint by that same deadline on the court-approved form and directed the Clerk's Office to mail him the requested form. *Id.* This Order has not been returned as undeliverable.

When the July 15, 2025, deadline passed with no response from Plaintiff, this Court ordered Plaintiff to show cause by August 8, 2025, why this case should not be dismissed for failure to prosecute. (ECF No. 4). This Order has not been returned as undeliverable. The show cause deadline has also now passed, and Plaintiff has not responded. Indeed, he has failed to communicate with the Court in any way since he filed his initial complaint almost two months ago.

## LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that

2

the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

### ANALYSIS

Here, Plaintiff has failed to respond to two court orders—the order directing him to pay the filing fee or submit a complete IFP application and the Court's show cause order.  *See* (ECF Nos. 2 & 4).   Plaintiff, therefore, has failed to prosecute this action, and this case is subject to dismissal. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court recommends that Plaintiff's Complaint, (ECF No. 1), be dismissed without prejudice.

### CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 19th day of August 2025.

*/s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3